IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| Al-AMIN ABDUL-JABBAR et al. | CIVIL ACTION |
|---|---|
| v. | NO. 21-2077 |
| CITY OF PHILADELPHIA et al. | |

MEMORANDUM RE: DEFENDANTS' MOTIONS TO DISMISS

**Baylson, J.**                                                                           **October 14, 2021**

Before the Court are three separate motions to dismiss. Defendant City of Philadelphia and Defendants Philadelphia District Attorney's Office and Assistant District Attorneys John and Jane Does 1–10 have each filed motions to dismiss. (ECF 3, ECF 8.) Defendant Officers Nathan London, Levaun Rudisill, and Dietra Cuffie have also filed a partial motion to dismiss. (ECF 4.) All motions argue that Plaintiffs Al-Amin Abdul-Jabbar, Shatisha Abdul-Jabbar, Latysa Bell, and Sharon Bell have failed to state a claim for which relief can be granted. Plaintiffs bring numerous claims under 42 U.S.C. § 1983 as well as claims for conspiracy to violate civil rights, intentional infliction of emotional distress, trespass, and loss of consortium.

**I.     Alleged Facts**

As alleged by Plaintiffs, the events giving rise to this case are as follows. On or about October 23, 2019, a group of Philadelphia Police Department officers ("Defendant Officers") stopped Plaintiff Al-Amin Abdul-Jabbar as he was driving to work. (Compl. ¶ 38.) Defendant Officers ordered Mr. Jabbar to exit the vehicle, which he did, and detained him in a police vehicle. (Compl. ¶¶ 40–42.) Defendant Officers searched Mr. Jabbar's vehicle and produced a "safe" containing narcotics that Mr. Jabbar alleges was planted by the officers. (Compl. ¶¶ 43–44.)

1

Defendant Officers then drove Mr. Jabbar to the home of his mother, Plaintiff Sharon Bell, and his sister, Plaintiff Latysa Bell, and executed a search warrant by battering down the front door. (Compl. ¶¶ 46–47.) Upon entering, Defendant Officers came upon Latysa Bell, who was in a state of undress preparing for work, and Sharon Bell, who urinated herself in response to one of Defendant Officers aiming a gun at her. (Compl. ¶¶ 50–52.) Sharon Bell, who suffers dementia, was allowed to shower but was watched by Defendant Officers while doing so. (Compl. ¶ 54.) Defendant Officers proceeded to search the residence and found no narcotics or other contraband. (Compl. ¶¶ 55–58.) One Defendant Officer allegedly attempted to plant the "safe" containing narcotics that had previously been produced from Mr. Jabbar's vehicle but was caught in the act by Latysa Bell and prevented from doing so. (Compl. ¶¶ 56–57.)

After the search of the residence, Mr. Jabbar was taken to a warehouse where Defendant Officers questioned him for several hours. (Compl. ¶¶ 61–62.) Mr. Jabbar was charged with several offenses and jailed at Curran-Fromhold Correctional Facility. (Compl. ¶¶ 63.) Ultimately, all charges against Mr. Jabbar were dismissed. (Compl. ¶¶ 64–67.)

Mr. Jabbar joined with Latysa Bell, Sharon Bell, and his wife, Shatisha Abdul-Jabbar, to bring suit against the City of Philadelphia; Officers Matthew Sibona, Nathan London, Levaun Rudisill, Dietra Cuffie, [FNU] Simmons, [FNU] Floyd, [FNU] Francis, and John and Jane Does 1–10 in their individual and official capacities; the Office of the District Attorney of Philadelphia County; and Assistant District Attorneys John and Jane Does 1–10 in their individual and official capacities. (ECF 1.) Plaintiffs bring the following claims:

1. **Count I**: Malicious prosecution against all Defendants;
2. **Count II**: Malicious use and abuse of process against all Defendants;
3. **Count III**: False arrest against Defendant City of Philadelphia and Defendant Officers;

4. **Count IV**: False imprisonment against all Defendants;

5. **Count V**: Violation of the First Amendment against all Defendants;

6. **Count VI**: Conspiracy to violate civil rights against all Defendants;

7. **Count VII**: Intentional infliction of emotional distress against Defendant City of Philadelphia and Defendant Officers;

8. **Count VIII**: Common law trespass against Defendant City of Philadelphia and Defendant Officers;

9. **Count IX**: Loss of consortium against all Defendants.

The first six Counts are based on alleged violations of Mr. Jabbar's rights and are brought pursuant to 42 U.S.C. § 1983 and § 1985. Counts VII and VIII are based on alleged injuries suffered by Sharon and Latysa Bell, and Count IX is based on the alleged injury suffered by Mrs. Jabbar. Plaintiffs seek both damages and a declaratory judgment that Defendants violated and continue to violate Mr. Jabbar's rights. Defendant City of Philadelphia; Defendants Philadelphia District Attorney's Office and ADAs; and Defendant Officers London, Rudisill, and Cuffie all filed motions to dismiss some or all claims. Plaintiffs filed Responses (ECF 6, ECF 9, ECF 7), and Defendants Philadelphia District Attorney's Office and ADAs filed a Reply (ECF 10).

**II.     Legal Standard**

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen.

3

Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)). Importantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. Discussion

#### a. Municipal Claims

Under the doctrine first established in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), a municipality can be held liable for unconstitutional conduct by its employees "when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (quoting Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir.1996)). Plaintiffs' federal claims against the City of Philadelphia and the Philadelphia District Attorney's Office are brought pursuant to the Monell doctrine.

Plaintiffs allege that the City of Philadelphia is liable for the actions of Defendant Officers because it was the custom or policy of the City to cover up police misconduct and because the City failed to adequately supervise officers so as to prevent misconduct. (Compl. ¶¶ 70–72.) However, the only non-conclusory factual allegations that the Complaint provides in support of this assertion are brief references to several incidents of police misconduct in Philadelphia over the last several decades. (Compl. ¶ 73.) This is far too vague to support Plaintiffs' claims. See, e.g., McTernan v. City of York, 564 F.3d 636, 659 (3d Cir. 2009) (rejecting a Monell claim in a complaint that "alleged[d] nothing more than directives issued ad hoc by individual officers, without reference to any formal administrative or policy channels"). The Court will therefore dismiss the federal claims against the City.

Plaintiffs' Monell claims against the Philadelphia District Attorney's Office are similarly flawed but to a greater degree. The Complaint does not even make threadbare allegations as to why the District Attorney's Office is liable. The Court will therefore dismiss the federal claims against the District Attorney's Office.

Plaintiffs also bring state law claims against the City and the District Attorney's Office. Since both Defendants (City MtD 12, DA MtD 9) and Plaintiffs (City MtD Resp. 11, DA MtD Resp. 9) agree these claims are barred by the Tort Claims Act, 42 Pa. Con. Stat. Ann. § 8541 et. Seq., the Court will dismiss these claims.

### b. Claims Against Defendant ADAs

Prosecutors are entitled to absolute immunity for work "intimately associated with the judicial phase of the criminal process." Fogle v. Sokol, 957 F.3d 148, 159 (3d Cir. 2020) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)). The Complaint's non-conclusory factual allegations regarding Defendant ADAs—that they re-filed charges against Mr. Jabbar on multiple occasions (Compl. ¶ 66) —fall squarely into this bucket. See Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (noting that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding" (citing Burns v. Reed, 500 U.S. 478, 492 (1991)). The Court will therefore dismiss the claims against Defendant ADAs.

### c. Claims Against Defendant Officers London, Rudisill, and Cuffie

Three Defendant Officers—Nathan London, Levaun Rudisill, and Dietra Cuffie—seek dismissal of Plaintiffs' First Amendment and conspiracy claims against them. Plaintiffs' First Amendment claim is based on alleged retaliation for exercising First Amendment rights. To plead a claim of retaliation in violation of the First Amendment, "a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary

firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006).

The Complaint describes an incident in July 2017 in which Mr. Jabbar was arrested by Philadelphia police officers and criminally charged. (Compl. ¶¶ 17–35.) Mr. Jabbar was acquitted and brought a lawsuit, which settled, against the City of Philadelphia and the officers who arrested him. (Compl. ¶¶ 33–37.) Plaintiffs allege that Defendants' actions in this case were in retaliation for this previous lawsuit. (Compl. ¶¶ 108–10.) However, the Complaint is entirely devoid of non-conclusory factual allegations that might help establish a causal link between the previous lawsuit and the actions of Defendants. The Court will therefore dismiss the First Amendment claim against the moving Defendant Officers.

The moving Defendant Officers (Officer MtD 8) and Plaintiffs (Officer MtD Resp. 8) agree that Plaintiffs have failed to state a claim for conspiracy to violate civil rights, so the Court will dismiss this claim as well against the moving Defendant Officers.

## IV.   Conclusion

Because Plaintiffs have failed to state a claim against either Defendants City of Philadelphia or Defendants Philadelphia District Attorney's Office and ADAs, the Court will grant both motions and dismiss all claims against these parties without prejudice. Plaintiffs have also failed to state a First Amendment or conspiracy claim against the moving Defendant Officers. The Court will therefore grant their motion and dismiss these claims against the moving Defendant Officers without prejudice. An appropriate Order follows.

O:\CIVIL 21\21-2077 Abdul-Jabbar v. City of Philadelphia\21cv2077 Memorandum re Defendants' Motions to Dismiss.docx