IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| Al-AMIN ABDUL-JABBAR et al. v. CITY OF PHILADELPHIA et al. | CIVIL ACTION NO. 21-2077 |
|---|---|

MEMORANDUM RE: DEFENDANT'S SECOND MOTION TO DISMISS

**Baylson, J.**                                                                                                    February 2, 2022

Defendant City of Philadelphia has filed a Second Motion to Dismiss (ECF 14) in this case arising from alleged police and prosecutorial misconduct. Plaintiffs Al-Amin Abdul-Jabbar, Shatisha Abdul-Jabbar, Latysa Bell, and Sharon Bell have filed an Amended Complaint (ECF 13) bringing numerous federal and state claims against the City and other individual Defendants. The City seeks dismissal for failure to state a claim.

I.    **Background and Procedural History**

Because this Court has already reviewed in detail Plaintiffs' allegations in a prior memorandum (ECF 11) deciding several prior motions to dismiss, and because Plaintiffs' allegations have not significantly changed between the original Complaint (ECF 1) and the Amended Complaint, the Court will only briefly summarize Plaintiffs' factual allegations.

Plaintiffs allege that Philadelphia Police Department officers and Philadelphia County assistant district attorneys engaged in a series of unlawful actions. First, allege Plaintiffs, police officers wrongfully searched Plaintiff Al-Amin Abdul-Jabbar's automobile, planted illegal narcotics in the vehicle, and wrongfully arrested him. (Am. Compl. ¶¶ 16–23.) The officers then illegally searched the residence of Abdul-Jabbar's mother and sister, Plaintiffs Sharon Bell and Latysa Bell, causing both women substantial distress and emotional suffering. (Id. ¶¶ 24–38.)

1

Abdul-Jabbar was charged with several criminal offenses and jailed. (Id. ¶¶ 39–45.) The charges were ultimately dismissed. (Id. ¶ 46.)

Abdul-Jabbar joined with Latysa Bell, Sharon Bell, and his wife, Shatisha Abdul-Jabbar, to bring suit against the City of Philadelphia, the police officers involved in Abdul-Jabbar's arrest, the assistant district attorneys involved in Abdul-Jabbar's prosecution, and the Office of the District Attorney of Philadelphia County. Following this Court's dismissal of many of the claims initially brought against Defendants, Plaintiffs filed an Amended Complaint, which states the following claims against the City:

1. **Count I**: Malicious prosecution;
2. **Count II**: Malicious use and abuse of process;
3. **Count III**: False arrest:
4. **Count IV**: False imprisonment;
5. **Count V**: Intentional infliction of emotional distress;
6. **Count VI**: Common law trespass; and
7. **Count VII**: Loss of consortium.

The first six Counts are based on alleged violations of Abdul-Jabbar's rights and are brought pursuant to 42 U.S.C. § 1983 and § 1985. Counts V and VI are based on alleged injuries suffered by Sharon and Latysa Bell, and Count VII is based on the alleged injury suffered by Shatisha Abdul-Jabbar because her husband was jailed. The City moved to dismiss all claims against it (ECF 14). Plaintiffs filed a Response (ECF 15).

II.    **Legal Standard**

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren

Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)). Importantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. Discussion

Plaintiffs bring their claim against the City under the doctrine first established in Monell v. Department of Social Services, 436 U.S. 658 (1978). In Monell, the Supreme Court held that a municipality can be held liable for unconstitutional conduct by its employees "when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (quoting Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir.1996)).

The Monell doctrine provides a "two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." Id. Municipal policy is established "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Id. (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)). By contrast, custom is established "when, though not authorized by law, 'such practices of state officials [are] so permanent and well-settled' as to virtually constitute law." Id.

Plaintiffs allege that the City is liable for the actions of the officers involved in Abdul-Jabbar's arrest because it was the custom or policy of the City to cover up police misconduct and because the City failed to adequately supervise officers so as to prevent misconduct. (Am. Compl. ¶¶ 48–55.) Plaintiffs do not point to any official municipal policy to support this assertion. Plaintiffs instead pursue a custom-based theory of Monell liability, listing numerous alleged instances of misconduct by Philadelphia police officers in support of their contentions. (Id. ¶ 52.)

Plaintiffs' allegations are insufficient to sustain a Monell claim. A Monell claim cannot survive a motion to dismiss if, as is the case here, "[t]he complaint alleges nothing more than directives issued ad hoc by individual officers, without reference to any formal administrative or policy channels." McTernan v. City of York, 564 F.3d 636, 659 (3d Cir. 2009); see also Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) ("[A] plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."). Furthermore, many of Plaintiffs' listed instances of alleged police misconduct bear little similarity to Abdul-Jabbar's situation; they include everything from offensive social media posts to unjustified shootings. (Am. Compl. ¶ 52.) The Court will therefore dismiss the federal claims against the City.

Plaintiffs also bring state law claims against the City. Since both the City (Def.'s Mot. 15) and Plaintiffs (Pls.' Resp. 9) agree these claims are barred by the Tort Claims Act, 42 Pa. Con. Stat. Ann. § 8541 et. Seq., the Court will dismiss these claims against the City as well.

## IV. Conclusion

For the foregoing reasons, the Court will grant the City's Second Motion to Dismiss with prejudice. The case will proceed against the remaining individual Defendants.[1] An appropriate Order follows.

O:\CIVIL 21\21-2077 Abdul-Jabbar v. City of Philadelphia\21cv2077 Memorandum re Second Motion to Dismiss.docx

---

[1] The Court notes that the parties stated at a Rule 16 conference on February 2, 2022, that all claims against Defendant Assistant District Attorneys John and Jane Does 1–10 will be voluntarily dismissed, leaving the police officers involved in Abdul-Jabbar's arrest as the only remaining defendants.