IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AL-AMIN ABDUL-JABBAR, et al., *Plaintiffs*, v. CITY OF PHILADELPHIA, et al., *Defendants*. | CIVIL ACTION NO. 2:21-cv-2077-MMB |

### MEMORANDUM

**BAYLSON, J.**                                                                                           **April 27, 2022**

I.  **INTRODUCTION**

The general facts of this civil rights case have been rehashed in multiple memoranda of decision, the most recent being the Court's February 3, 2022 Memorandum granting the City of Philadelphia's motion to dismiss all claims against it with prejudice. See Abdul-Jabbar v. City of Philadelphia, No. 21-2077, 2022 WL 329576 (E.D. Pa. Feb 3, 2022). Plaintiffs alleged that city police and other engaged in unconstitutional and tortious conduct when they searched their car and residence, found narcotics, criminally charged Plaintiff Al-Amin Abdul-Jabbar and held Abdul-Jabbar in jail before the charges were ultimately withdrawn because of a lying informant.

Now, the remaining Defendants move for summary judgment on nearly all claims. However, the case and this Motion have been streamlined as a result of several concessions made by Plaintiffs in their Response: Plaintiffs have consented to dismissal of all claims except for Abdul-Jabbar's malicious prosecution claim against the Defendant officers. See Plf. Resp. (ECF 41) at 8. Plaintiffs only move for summary judgment on Plaintiff's claims against Officers

1

London and Simmons.  Id. at 7.  Furthermore, Plaintiff concedes to the dismissal of claims against Defendant Officers Cuffie and Sibona.[1]

For the reasons set forth below, the Motion will be granted in part and denied in part.

## II.     JURISDICTION

This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question jurisdiction).

## III.    FACTS AND PROCEDURAL HISTORY

The following facts are undisputed by the parties for the purposes of this Motion.

Based on a complaint about narcotic sales occurring at 2616 N. 12th Street in Philadelphia, Pennsylvania, officers of the Philadelphia Police Department ("PPD") conducted surveillance of the residence in October 2019.  PPD instructed a confidential informant to make multiple controlled purchases of narcotics at the residence.  While it is undisputed that the informant engaged with Plaintiff Abdul-Jabbar at the residence, the parties are in dispute as to whether Abdul-Jabbar actually sold to the informant marijuana and crack cocaine during these engagements.  PPD eventually obtained a search warrant for the residence.  After another one of these engagements between the informant and Abdul-Jabbar, PPD officers arrested Abdul-Jabbar and searched the car he was driving, recovering various illegal drugs and narcotics paraphernalia. The same day, the search warrant was executed at the residence, from which nothing was recovered.

A criminal case was filed against Abdul-Jabbar, which was dismissed for lack of prosecution by the Philadelphia District Attorney's Office ("DAO") for the lack of a seizure analysis.  Abdul-Jabbar was released from custody on December 6, 2019.  Then, on January 14,

---

[1] Plaintiff conceded dismissal of Defendant Cuffie in his brief, while stipulating to dismissal of all claims against Defendant Sibona in a separate filing.  See 4/24/23 Stip. Of Dismissal (ECF 45).

2020, the DAO refiled the criminal charges against Abdul-Jabbar. But, on February 20, 2020, the DAO withdrew prosecution per prosecutorial discretion based on the discovery that the informant from Abdul-Jabbar's case had lied in an internal affairs investigation.

The extensive procedural history of this case was summarized in the Court's February 3, 2022 Memorandum of Decision. See Abdul-Jabbar v. City of Philadelphia, No. 21-2077, 2022 WL 329576 (E.D. Pa. Feb 3, 2022).

IV.     **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response must, "by affidavits or as otherwise provided in this rule [ ] set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

V.      **DISCUSSION**

A. **Malicious Prosecution Claim**

Plaintiff's only remaining claim is that the Defendant police officers are liable for malicious prosecution, a constitutional tort actionable under 42 U.S.C. § 1983.[2] To prove malicious prosecution under § 1983, " a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).

1. **Plaintiff's Criminal Case Was Terminated In His Favor**

First, Defendants argue that Plaintiff's criminal proceeding did not end in his favor. In April 2022, the U.S. Supreme Court held that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." Thompson v. Clark, 142 S.Ct. 1332, 1335 (2022). In Thompson, police briefly scuffled with and arrested a man accused of sex abuse. Id. at 1335-36. Before trial, the prosecutor moved to

---

[2] § 1983 renders liable "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

4

dismiss charges without explanation and the judge dismissed the case, also without explanation. Id.  The man then brought a malicious prosecution claim under § 1983 against the police officers who arrested and charged him.  Id.

The Court finds the Thompson case persuasive given its similar factual position regarding the "favorable termination" element of both plaintiffs' malicious prosecution claims.  As a result, the Court finds that Abdul-Jabbar's criminal case was terminated in his favor.

Defendants argue that Thompson can be distinguished because here, "there exists a record that includes the reason for the dismissal of criminal charges" while in Thompson there was no explanation provided by judge or prosecutor as to why the charges were dismissed.  See Def. Reply (ECF 42) at 5.  The Court does not find that the existence of such an explanation "leaves the Plaintiff in a different position than in Thompson" because the Thompson court was clear that "[a] plaintiff need only show that the criminal prosecution ended without a conviction." Thompson, 142 S.Ct at 1341.  The question of whether an explanation is provided for why Plaintiff's prosecution ended without a conviction does not enter the calculus of determining favorable termination—the absence of a conviction is a favorable termination.  A closer read of the Thompson opinion reveals that the Supreme Court carefully came to its holding in that case by reviewing historical cases and records of American state and federal law reaching back to the late 1800s.  See id. at 1338-41.  Only after such a thorough analysis did the Thompson court conclude that a "favorable" result of a criminal prosecution would naturally mean a result of "no conviction," regardless of whether it was achieved through acquittal, dismissal or withdrawal. [3]

---

[3] Defendants concede that Plaintiff's criminal case was terminated.  See Plf. Reply at 6.

Along this vein, Defendants further arguments as to the allegations and evidence of Plaintiff's illegal conduct has no bearing at all on this issue. See id. at 1341 ("In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence.").

### 2. Counts Are Not Dismissed Against Officers London and Simmons

Defendants also argue that no reasonable juror could find that Defendants London or Simmons were personally involved in Plaintiff's arrest or in initiating criminal proceedings against Plaintiff, the underlying allegations supporting Plaintiff's malicious prosecution claim.[4] Therefore, Defendants argue, even if it is found that Plaintiff's criminal case was terminated in his favor, there is still no genuine dispute of material fact that Officers London and Simmons were not involved in Plaintiff's prosecution and Plaintiff's claim must be dismissed. See Def. Reply at 2-4. However, the Court finds that because there is still a genuine dispute of fact as to whether London and Simmons lied when they provided information relating to Plaintiff's arrest and criminal charges, summary judgment cannot be granted for Defendants London and Simmons.

While generally the prosecutor initiates criminal proceedings against a defendant, "[a]n officer may be 'considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion.'" Gahagan v. City of Philadelphia, No. 21-2523, 2022 WL 16745098, at * 7 (E.D. Pa. Nov. 7, 2022) (quoting Henderson v. City of Philadelphia, 853 F.Supp. 2d 514, 518 (E.D. Pa. 2012)).

---

[4] Plaintiff's Monell claims against the City of Philadelphia were dismissed pursuant to Rule 12. See Abdul-Jabbar v. City of Philadelphia, No. 21-2077, 2022 WL 329576 (E.D. Pa. Feb 3, 2022).

6

Here, there is a clear dispute of fact as to the involvement of Officers London and Simmons in affecting Plaintiff's arrest.  There is conflicting testimony in the record as to whether Plaintiff sold drugs to the informant and as to whether drugs were recovered from Plaintiff's car when he was arrested.  Defendants concede that London and Simmons were involved in Plaintiff's arrest and charging by providing information related to the informant's controlled narcotics buys, namely that when the informant returned to the officers after engaging with Plaintiff that he had furnished marijuana and crack cocaine.  See Def. Reply at 3.  These allegations amount to personal involvement and exposes the officers to potential liability.

## VI. CONCLUSION

For these reasons, the Court will deny Defendants' Motion as to the malicious prosecution claims, and will grant the Motion as to all other claims.  The claims against Defendant Officers Cuffie and Sibona will be dismissed as stipulated by the Plaintiff

An appropriate order follows.